*The probate of a paper propounded as the Will of* PIERRE SPICER.

A SPECIAL guardian in probate proceedings should be a lawyer. No person can appear in behalf of another, in the New York Surrogate's Court, who is not admitted as an attorney at law.

THE SURROGATE. Abraham Spicer, Jr., a minor, having no general guardian, is cited to attend probate as one of the next of kin. He is a large legatee under the paper propounded as a will, the probate of which is contested. Before the return of the citation, Abraham Spicer, father

of the infant, applies by petition for appointment as special guardian to take care of his interest in the premises.

The father has in this case no possible interest adverse to the minor, but, on the other hand, every reason, both from interest and natural affection, to sustain his son's rights.

But the law (3 *R. S.*, *5th ed.*, *p.* 147, § 51,) clearly intended that a person learned in the law should be appointed to take care of the interests of minors in such cases. The petitioner is not a lawyer.

By the act of April 24, 1862, chapter 484, section 2, the Surrogate's Court, in common with the other Courts in this city and county, is prohibited from allowing persons not admitted as attorneys and counselors by the Supreme Court to practice before it, except in their own behalf. Although attorneys are not known as such in Surrogates' Courts (*Dayton's Surrogates*, *3d ed.*, *p.* 9), the Surrogate is bound by this act, and can allow no proctor or counsel to appear, not admitted as an attorney in the Supreme Court. The petition is denied.